*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LYNDA DANHOFF and DANIEL DANHOFF,

       Plaintiffs-Appellants,

v

DANIEL K. FAHIM, M.D. and MICHIGAN HEAD
& SPINE INSTITUTE,

       Defendants-Appellees,

and

DANIEL K. FAHIM, M.D., PC, KENNETH P
D'ANDREA, D.O., and WILIAM BEAUMONT
HOSPITAL, doing business as BEAUMONT
HOSPITAL-ROYAL OAK,

       Defendants.

UNPUBLISHED
May 6, 2021

No. 352648
OAKLAND CIRCUIT COURT
LC No. 2018-166129-NH

Before: TUKEL, P.J., and SERVITTO and RICK, JJ.

Servitto, J. (*concurring*)

I concur in the result, but do so only because under the doctrine of stare decisis, I am bound to follow the decision and reasoning set forth in *Elher v Misra*, 499 Mich 11; 878 NW2d 790 (2016). Were I not so bound, I would find that the factors set forth in *Daubert v Merrell Dow Pharmaceuticals, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993) do not necessarily apply to an expert's standard of care opinions, but rather only to causation issues. This case presents the precise reason why: where the perforation of the colon during the surgery at issue is admittedly exceedingly rare, it is not unsurprising that there are no articles or medical authority addressing whether the perforation of the colon during that surgery is a breach of the standard of care. That leaves plaintiffs, such as the one here, in the impossible position of attempting to prove that their injuries occurred due to substandard care when no published articles on the specifically

incurred injury are available to either prove *or* disprove that the applicable standard of care was breached.

/s/ Deborah A. Servitto